IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| RANDY NAVES,<br><br>                Petitioner,<br><br>vs.<br><br>STATE OF UTAH,<br><br>                Respondent. | Case No. 2:16-CV-438-TS<br><br>MEMORANDUM DECISION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>United States District Court<br>Judge Ted Stewart |

**Trial court:** Petitioner Naves pleaded guilty to three counts of sexual abuse of a child, second-degree felonies; one count of dealing in harmful material to a minor, a third-degree felony; and one count of lewdness involving a child, a class A misdemeanor. Naves was sentenced on October 17, 1997.

**No Appeal.** Naves did not file any motion to withdraw his plea and did not appeal.

**State post-conviction petition.** On April 8, 2005, Naves filed a state petition for post-conviction relief (case no. 050906573). That petition was dismissed as untimely. Naves did not timely appeal. His motion for an extension of time was denied and the Utah court of appeals affirmed. *Naves v. Friel*, 2007 UT App 138. His petition for certiorari review was denied. *Naves v. Friel*, 182 P.3d 910 (Table) (2007).

1

**First federal habeas corpus case.** Naves then filed a federal petition for writ of habeas corpus (case no. 08-CV-745). That petition was dismissed as untimely on January 25, 2010. *Naves v. Turley*, 2010 WL 322106 (D. Utah 2010). The Tenth Circuit denied his request for a certificate of appealability. *Naves v. Turley*, 372 Fed. Appx. 866 (10th Cir. 2010). The United States Supreme Court denied his petition for writ of certiorari. *Naves v. Turley*, 562 U.S. 886 (2010).

**Successive federal habeas corpus case.** On July 8, 2016, Petitioner Naves filed his current, successive federal habeas corpus petition (case no. 16-CV-438).

## THE PETITION IS DISMISSED FOR LACK OF JURISDICTION

Naves current federal habeas petition is a successive petition because he previously filed a federal habeas petition in case no. 08-CV-745. A petitioner may not file a second or successive petition for writ of habeas corpus without authorization from the appropriate federal court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id., and see* Rule 9, Rules governing section 2254 cases; *Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997).

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the 10th Circuit] has granted the

required authorization. *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Naves did not obtain authorization from the Tenth Circuit Court of Appeals to file a successive petition.

When a second or successive § 2254 petition is filed in a district court without the necessary appellate court sanction, it may be transferred under 28 U.S.C. §1631 to the proper court. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). But all unauthorized successive habeas petitions should not be transferred to the 10th Circuit.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the 10th Circuit], the district court may transfer the matter to [the 10th Circuit] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d at 1252. A successive petition should only be transferred when the transfer would be in the interest of justice. *Id*. The district court should consider several factors in deciding whether it would be in the interest of justice to transfer the petition to the 10th Circuit Court.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251. In addition to the above factors, this Court may also consider the fact that the Court of Appeals will not authorize the filing of a second or

3

successive habeas petition in the district court unless the petitioner can meet the standard prescribed by § 2244(b)(2). Under that standard, the petitioner must "show that the claim relies on a new rule of constitutional law, made retroactive" or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that the facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

In this case, it is not in the interest of justice to transfer the petition to the 10th Circuit Court of Appeals. Naves has not stated any reason why he should be allowed to proceed with his successive petition. He has failed to even address the issue. "'[B]ecause Petitioner has not specifically attempted to meet that standard in his present submissions, it is unlikely that the Court of Appeals would grant a pre-authorization order at this time. . . . It therefore makes more sense to dismiss the present action (without prejudice) and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals.'" *Zampedri v. Bigelow*, 2009 WL 223537 (D. Utah), quoting *Carter v. King*, 2008 WL 2959933, n. 5 (D. Minn).

This successive federal habeas petition is dismissed for lack of jurisdiction.

**COA denied:** In light of the above ruling, and pursuant to Rule 11 of the rules governing section 2254 cases, this Court also denies a certificate of appealability.

**ORDER**

IT IS HEREBY ORDERED that Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 15th day of August, 2017

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court